UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. H-18-110 |
| KARL JONES, | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Jill Jenkins Stotts, Assistant United States Attorney, and the defendant, Karl Jones ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts Two and Three of the Indictment. Count Two charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1). Count Three charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1) which is the receipt of child of pornography, is imprisonment of not more than 20 years and not less than 5 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment

of at least 5 years to life. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and Section 2252A(b)(2) which is the possession of child pornography, is imprisonment for up to 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of

the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

6. Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

3

### The United States' Agreements

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts Two and Three of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

4

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

5

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

13.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts Two and Three of the Indictment. If this case were to proceed to trial, the United States could prove each element of each of the offenses beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt for the receipt and possession of child pornography:

On December 3, 2016, an FBI undercover employee was in pursuit of users sharing known child pornography materials on BitTorrent Peer to Peer file sharing network. The undercover FBI employee identified a computer with IP address 98.201.48.9 as a potential download candidate. It appeared as though this address had more than 6,000 files with hash values consistent with known child pornography. On December 3, 2016, the undercover employee successfully downloaded several complete files that the computer with the IP address of 98.201.48.9 was making available. A review of the downloaded files confirmed them to be child exploitation materials.

The following is a description of files downloaded exclusively from IP address 98.201. 48.9:

Filename: babyshivid-assfucked-pt5.avi-This is a video that is 23 seconds in length and

6

portrays an underage female, appearing under the age of 8, nude, gagged and being anally penetrated by the erect penis of an adult male.

Filename: hmm_fucking_d000p.mpg-This is a video that is 33 seconds in length and portrays an underage female, who appears to be under the age of 10, nude with the exception of wearing a pair of black stockings and a garter belt, lying on her back and being vaginally penetrated by an erect male penis.

Filename: cum shots-little boys love sperm part 1 (compil.). avi-This is a compilation video that is 3 minutes and 41 seconds in length and portrays prepubescent male minors engaged in various sex acts to include masturbation, anal penetration and oral penetration.

On December 6, 2016, an administrative subpoena was served on Comcast in pursuit of subscriber information associated with the IP address listed above. The return stated that the subscriber was Jeanine Jones with an address of 403 Riverbend Street, Baytown, Texas 77521.

On February 6, 2016, a search warrant was issued for the address of 403 Riverbend, Baytown, Texas, Harris County and within the Southern District of Texas. The search warrant was executed on February 14, 2016. At the time the search warrant, Jeanine Jones and Karl Jones were located inside the residence. Karl Jones was found to be in possession of child pornography.

Jeanine Jones was interviewed and was determined to be the mother of Karl Jones. Jeanine stated she and Karl lived alone in the residence.

Karl Jones was interviewed and after waiving his Miranda rights stated that agents would find between 30-40 GB of child pornography material on the hard drive installed into the desktop computer located in his bedroom. Karl stated that the "C" drive on his desktop computer was his receiving folder for his downloads but then after he would often times move the files to the "D" drive. Karl stated he downloaded and received child pornography material via the Peer-To-Peer program known as Deluge. Karl denied having a clear understanding of how peer-to-peer programs work with regards to file transfers however, Karl had a very clear understanding for how to search for torrents or files of interest and acknowledged knowingly selecting and approving those files for download to be saved to his personal computer. Karl stated he knew what type of material he was downloading when he attempted to download child pornography and acknowledged that any child pornography found on his devises would be as a result of his actions and no one else.

On or about November 1, 2017, a forensic review of the evidence seized during the search warrant of Karl Jones's house was completed. There were 168 images and 352 video files which met the definition of child pornography found on the hard drives seized.

The Western Digital and Seagate hard drives were manufactured outside of the state of Texas ( Western Digital made in Thailand and Seagate made in China ). Consequently, the media devices at issue which were used to distribute, receive and possess the child pornography traveled in foreign or interstate commerce. Further, Karl Jones used the internet which is a means and facility of interstate commerce to distribute, receive and possess the child pornography which was

found on the above hard drives.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security

information.  Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17.  Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18.  Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

19.  Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

## Forfeiture

20.  Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture is subject to forfeiture, and Defendant agrees to the forfeiture of that property.  In particular, but without limitation, Defendant stipulates that the following specific property is

subject to forfeiture: a 120 GB Seagate hard drive; a 4 TB Western Digital hard drive; a 500 GB Western Digital hard drive; and a custom made desktop computer

21. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

22. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

23. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

24. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Notification of the Sex Offender Registration and Notification Act**

25. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he

is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

26. This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on _____8/16/2018_____, 20__.

_____Karl Jiros_____
Defendant

Subscribed and sworn to before me on _____8/16/18_____, 20_18_

                        DAVID J. BRADLEY, Clerk
                        UNITED STATES DISTRICT CLERK

By: _____
      Deputy United States District Clerk


APPROVED:

Ryan K. Patrick
United States Attorney

By: _____
Jill Jenkins Stotts
Assistant United States Attorney
Southern District of Texas

_____
Danielle Touart
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-18-110 |
| KARL JONES,<br>Defendant | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____8/16/18_____
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _____8-16-2018_____
Defendant                            Date